UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-10821-GAO

EVERGREEN ADHESIVES, INC. f/k/a WESTECH AEROSOL CORPORATION,
Plaintiff,

v.

3M COMPANY and GTA-NHT, Inc.,
Defendants.

OPINION AND ORDER
August 31, 2023

O'TOOLE, D.J.

The plaintiff, Evergreen Adhesives, Inc., f/k/a Westech Aerosol Corporation, brings this patent infringement suit, alleging that 3M Company and GTA-NHT, Inc., d/b/a Northstar Chemicals, Inc. (collectively "3M" or "the defendants"), directly and indirectly infringed U.S. Patent No. 7,705,056 ("the '056 patent"). The '056 patent is titled "Aerosol Adhesive and Canister-Based Aerosol Adhesive System" and describes a canister-based aerosol system to deliver a spray adhesive. The defendants move to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions." Twombly, 550 U.S. at 555. In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pled facts, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in the plaintiff's favor.

In an earlier inter partes review ("IPR") brought by 3M regarding the validity of the '056 patent's claims, the Patent and Trial Appeal Board ("the Board") determined that twenty-three of the '056 patent's twenty-eight claims were invalid, including independent claim 1 that formed the basis of the plaintiff's infringement allegations in prior litigation between the parties. The Board further determined in relevant part that the defendants had failed to demonstrate that dependent claims 3 and 4, the two claims asserted in this action, would have been obvious. Whereas the since-cancelled independent claim 1 has no specific pressure requirement,[1] dependent claims 3 and 4 require compressed gas pressures of "about 200 psi" or "in a range of about 160–200 psi[,]" respectively.[2]

Here, the plaintiff has pled sufficient factual allegations regarding the 3M/Northstar PB910 Adhesive Spray Canister, one of the many identified products the plaintiff has accused the defendants of infringing. As to that product, the plaintiff has alleged a specific patent and a specific product that it is claimed infringes that patent by virtue of certain specific characteristics. In particular, it alleges that PB910 practices every limitation of claims 3 and 4, and that "[t]esting of [PB910] found that the compressed gas in the canister is pressurized to 'about 200 psi' and within the range of 'about 160–200 psi,'" the levels claimed in claims 3 and 4. (Compl. ¶ 47.) This is sufficient to put the defendants on notice of what activity is being accused of infringement and to enable them to answer the suit and defend themselves.

---

[1] "Claim 1 of the '056 patent is directed to '[a]n aerosol adhesive canister system, comprising: a gas cylinder canister; a hose connected to said canister; a spray gun connected to said hose; a hydrocarbon propellant held within said canister; and an aerosol adhesive held within said canister, said aerosol adhesive comprising a solvent mixture selected to have volatility characteristics for producing a specific spray pattern; a polymeric base in said solvent mixture; and a compressed gas dissolved in said solvent mixture.'" (Compl. for Pat. Infringement ("Compl.") ¶ 36 (dkt. no. 1).)
[2] "Claims 3 and 4 depend from Claim 1 and require that 'said compressed gas is pressurized in said canister' 'to about 200 psi' and 'in a range of about 160–200 psi,' respectively." (Id. ¶ 37.)

The remaining claims against accused products identified by name only are insufficient to state a claim upon which relief can be granted. (See id. ¶ 40.) For the additional products, the allegations do not plausibly allege they infringe patent claims 3 or 4. The complaint only recites more general allegations that the accused products practice every limitation recited in those claims. Although the complaint recites as to these other products boilerplate language regarding claims 3 and 4, the complaint glaringly omits any allegations as to the pressurization of the compressed gas to particular psi values to plausibly state a claim of infringement of the two dependent claims that survived IPR. The complaint fails to set forth "more than labels and conclusions," see Twombly, 550 U.S. at 555, as to the requisite limitations of the patent-at-issue.

Consequently, the defendants' Motion to Dismiss is DENIED (dkt. no. 22) as to the plausible infringement claims against the defendants for PB910, and is otherwise GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge